UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDY YOVANI RIVAS JIMENES, | ) | CASE NO.: 4:26-cv-02118 |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| KEVIN RAYCRAFT, *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

Before the Court is Petitioner Fredy Yovani Rivas Jimenes's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241, challenging his immigration detention. (Doc. 1.) The government filed an answer and motion to dismiss in part. (Doc. 5.) Rivas Jimenes has not filed a reply, and the time to do so has passed. The Court GRANTS Rivas Jimenes's petition.

In his petition, Rivas Jimenes argues that he has been denied a bond hearing because the government wrongly purports to detain him under 8 U.S.C. § 1225(b)(2)(A) rather than 8 U.S.C. § 1226(a). (Doc. 1 at ¶ 7.) The Sixth Circuit recently held that noncitizens like Rivas Jimenes are subject to detention under § 1226(a), not § 1225(b)(2)(A). *Lopez-Campos v. Raycraft*, 175 F.4th 713, 724 (6th Cir. 2026). And the government concedes that *Lopez-Campos* controls, entitling Rivas Jimenes to a bond hearing. (Doc. 5 at 37.)[1] However, the government asks that,

[1] For ease and convenience, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

to the extent the Court orders a bond hearing, it permits the government to hold the hearing under regulations that place the burden of proof on Rivas Jimenes. (*Id.* at 40.)

The Court has previously held that due process requires the government to bear the burden of proof to justify continued immigration detention in this context by clear and convincing evidence. *Hidalgo-Sanchez v. Raycraft*, No. 3:26-cv-00976, 2026 WL 1242978, at *4-5, 2026 U.S. Dist. LEXIS 99833, *8-13 (N.D. Ohio May 6, 2026) (citing *Marroquin v. Genalo*, No. 24-cv-6376, 2025 WL 3241161, at *2, 2025 U.S. Dist. LEXIS 228854, at *5 (S.D.N.Y. Nov. 20, 2025); *Rodriguez v. Greene*, No. 26-cv-0333, 2026 WL 574961, at *12, 2026 U.S. Dist. LEXIS 41849, at *40 (N.D. Ohio Mar. 2, 2026); *E.V. v. Raycraft*, No. 25-cv-2069, 2025 WL 3122837, at *12, 2025 U.S. Dist. LEXIS 220483, at *29 (N.D. Ohio Nov. 7, 2025); *M.T.B. v. Byers*, No. 24-cv-0028, 2024 WL 2881843, at *5, 2024 U.S. Dist. LEXIS 148118, at *5 (E.D. Ky. Aug. 20, 2024); *Perez-Perez v. Raycraft*, No. 26-10533, 2026 WL 1121930, at *7, 2026 U.S. Dist. LEXIS 91353, at *20 (E.D. Mich. Apr. 24, 2026); *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 623 (W.D. Mich. 2026)). Rivas Jimenes raised due process in his petition (Doc. 1 at ¶¶ 56-64) and specifically asked for a bond hearing where the government bears the burden of justifying detention by clear and convincing evidence (*id.*, Prayer for Relief). Seeing no reason to depart from its earlier holding, the Court will order the bond hearing to be conducted with the government bearing the burden of proof by clear and convincing evidence.

Finally, the government moves to dismiss all Respondents other than Kevin Raycraft, the Acting Director of U.S. Immigration and Customs Enforcement, under the immediate custodian rule. (Doc. 5 at 37.) As Rivas Jimenes has not timely responded to this motion, the Court GRANTS the motion to dismiss.

In sum, the Court GRANTS the government's motion to partially dismiss the petition. The Court DISMISSES all Respondents except for Acting Director Raycraft. The Court otherwise GRANTS the petition. **By 5:00 p.m. on Thursday, September 24, 2026**, the government shall either afford Rivas Jimenes a bond hearing consistent with this Order, or it shall release him from custody.

**IT IS SO ORDERED.**

Date: September 17, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE